# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

DARREN MILLER                                                                      PLAINTIFF

V.                                    No. 3:20CV00107-KGB-JTR

TAYLOR GLEEN, LPN; and
J. TROWBRIDGE, Medical Staff,
Greene County Detention                                                          DEFENDANTS

## ORDER

Plaintiff Darren Miller ("Miller"), a prisoner in the Greene County Detention Facility ("GCDF"), has filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights. *Doc. 2.* Before Miller may proceed with this case, the Court must screen his claims.[1]

Miller alleges that, when he returned to the GCDF from a one-week stay in a mental hospital, Defendant LPN Taylor Gleen and other unidentified "medical staff" refused to give him any mental health medications for "two to three days." At some point, they began giving him medication, but gave "what they felt was appropriate," rather than the six medications prescribed by his doctors. According to Miller,

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

because of the missed doses and the substituted medications, he began to "detox" and experienced mood swings. He alleges that his spouse brought his medications from home, but they were never given to him. He seeks injunctive and compensatory relief. Miller also names J. Trowbridge as a Defendant, but makes no specific factual or legal allegations against him or her.

Miller must provide the Court with additional information so it can complete the screening required under § 1915A. Thus, Miller must file an Amended Complaint that: (1) states the specific medications that were prescribed and the name of the mental health or medical provider(s) who prescribed them; (2) states the specific dates that *no* mental health medications were given to him, the dates he requested the medications, the names of the GCDF personnel he made those requests to, and the reason they gave him for denying his requests; (3) states the specific date that GCDF personnel began giving him mental health medications, what medications they gave him, and whether they have continued to give him those medications; (4) states the specific dates that he requested a change in the medications, the names of the medical personnel he made those requests to, and the reason they gave him for denying his requests; (5) explains how J. Trowbridge *personally participated* in violating his constitutional rights; and (6) provides a *clear and express* statement regarding whether he is suing Defendants in their official capacity, their individual capacity, or both capacities. If Miller names additional

Defendants in his Amended Complaint, he must explain how each individual *personally participated* in the alleged violation of his rights.

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to mail Miller a § 1983 complaint form that is labeled "Amended Complaint."

2. Miller must file, **within thirty days of the date of this Order,** an Amended Complaint that complies with the instructions in this Order. If he does not timely and properly do so, this case will be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).

DATED this 16th day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE